PETITION OF EDWARD W. MATTE.
No. 11011.
Decided August 31, 1965.
405 P.2d 216.

PER CURIAM:

This is an original proceeding, being a petition for writ of habeas corpus filed herein by Edward W. Matte, an inmate of the Montana State Prison, appearing pro se.

Petitioner alleges that on April 3, 1963, he involuntarily entered a plea of guilty to the crime of grand larceny in the district court of Cascade County and was sentenced to a term of ten years, and that he was not represented by counsel.

He further alleges that on December 10, 1964, he involuntarily entered a plea of guilty to the crime of escape in the district court of Powell County and was sentenced to a term of one year, and that he was not represented by counsel.

He alleged that the District Court of Cascade County failed, neglected and refused to advise and inform him of his constitutional right to have counsel, and then quotes from the dis-

trict court minutes of his arraignment on March 28, 1963, as follows:

"The Court: This is a criminal cause No. 5191B. Let the record show I am hearing this in place of Judge R. V. Bottomly who is engaged in the trial of a case at this time. Mr. Matte, come forward please. Is that your true name, Edward W. Matte, the last name spelled M-a-t-t-e?

"Defendant: Yes, sir.

"The Court: Before we proceed any farther it is my duty to advise you of your rights; you have the right to be represented by an attorney at all stages in the matter. If you have funds of your own or means of obtaining them and want an attorney, of course you will employ your own attorney, but if you are without funds or means of obtaining funds and want an attorney, I will appoint one to represent you; do you understand that?

"Defendant: Yes, sir.

"The Court: All right, do you want an attorney?

"Defendant: No, sir.

"The Court: The clerk will read the information and furnish a copy to the defendant. (Information read by clerk and defendant furnished with a copy.)

"The Court: Now, Mr. Matte, after the information has been read to you and you have been furnished with a copy, you may take at least 24 hours before you are required to enter a plea to the charge in the information or you may take more time within reason if you desire, but if you understand what the charge is against, that is, Grand Larceny, and know what your plea is going to be, you may waive that time and enter your plea now; do you understand that?

"Defendant: Yes, sir, I plead guilty.

"The Court: You wish to waive the time and enter your plea now, is that correct?

"Defendant: Yes, sir.

"The Court: Very well; that is your plea to the charge set forth in the information, guilty or not guilty?

"Defendant: Guilty.

"The Court: The record will so show. I will set the time for sentencing before Judge Bottomly on April 3rd, 1963, at two o'clock P. M. and in the meantime, Mr. Bourdeau see that a pre-sentence investigation is made. You are remanded to the custody of the sheriff.

"Court is recessed."

To support his claim that his refusal of the services of counsel was involuntary, petitioner asserts that the county attorney's office threatened to file prior convictions against him if he did not refuse counsel and enter a plea of guilty; that he would receive a very light sentence if he did so; that he was in a dazed and exhausted state; and that he did not sign a waiver of legal counsel. As to the illegality of his conviction for the crime of escape it is his contention that since the first sentence was illegal and the second arose by reason of his illegal imprisonment, it is also null and void for lack of due process and want of jurisdiction.

We are not impressed by the allegations of petitioner in view of the records of the district court which he has quoted. Petitioner was advised by the court of his right to counsel and declined such assistance and this constituted a waiver of counsel in the records of the court, and it is not necessary that such waiver be written and signed by petitioner. As to the alleged threats and coercion it is to be noted that the arraignment proceedings were had more than two years ago and now, after petitioner departed the prison and was apprehended and received an additional sentence for escape, he is endeavoring to attack his original sentencing. Further, petitioner does not deny that he had prior convictions.

No merit appearing the petition is denied and the proceeding dismissed.